Hay, Judge,
delivered the opinion of the court:
The plaintiff brings this action to recover the sum of $10,000 which it paid into the Treasury of the United States under the circumstances set out in the findings of fact.
The plaintiff asserts as the basis for its right of action that the contract which it entered into with the United States district attorney was without consideration^ and that the money which it paid into the Treasury was received and is still held by the United States to the use of the plaintiff, and may be recovered back by it; and the jurisdiction of this court to entertain this suit is based by the plaintiff upon an implied contract on the part of the United States to repay the money which the plaintiff has paid into the Treasury.
The question is, Has this court jurisdiction to entertain this suit, which is brought by the plaintiff to recover money which it has voluntarily paid into the Treasury of the United States? Whether this money was paid through mistake of law, or under duress exercised against the plaintiff by the United States officers, or in consequence of the unauthorized acts of the officers of the Government, this court has no jurisdiction.
The Government can not be held liable to individuals for the unauthorized exercises of power by its officers and agents.
If the plaintiff paid its money into the Treasury of the United States in the belief that it was making such payment by virtue of the authority exercised by the Government’s officer or officers in making the contract above cited, and that it made a mistake in so doing, yet this court can give no relief. For ignorance of law will not excuse any mistake, and the plaintiff was bound to take notice of the extent of authority conferred by law upon a person acting in an official capacity.
It is not possible to imply a contract to repay money when it. is sought to base such implication upon a written contract which sets out fully the terms under which the money is paid, and which precludes the idea of repayment.
There may be an apparent hardship in this case, as there are in many cases, but what may be a hardship does not authorize the court to stretch its jurisdiction to meet such *200 cases. The jurisdiction exercised by this court is unusual, and being so, it is necessary, in its exercise, that the court should not undertake to give a remedy which Congress has not provided.
The petition is dismissed.
Graham, Judge.; Downev, Judge/ Booth, Judge; and Campbell, Chief Justice, concur.